UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KEITH A. CLARK, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) No.: 1:14-CV-322-CLC-WBC |
| v. | ) |
| | ) |
| SHERIFF ERIC WATSON, | ) |
| | ) |
|     *Defendant*. | ) |
| | ) |

## MEMORANDUM OPINION

Before the Court is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 filed November 13, 2014. On December 11, 2014, the Court granted plaintiff leave to proceed *in forma pauperis*. On January 27, 2015, defendant Sheriff Eric Watson filed an answer in which he denies all allegations and asserts that plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff has filed a motion for commencement of action, a motion for summary judgment, and a motion for subpoena issuance. For the reasons set forth below, this action will be **DISMISSED** and plaintiff's pending motions (Court File Nos. 6, 9, 12) will be **DENIED as moot**.

Under the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

    Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or

"screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id.* at 1015–16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); s*ee also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

In his complaint, plaintiff alleges he is entitled to relief under § 1983 because Bradley County Jail does not have a law library, but rather a kiosk system, which he also refers to as e-notes. Plaintiff claims this is in violation of all prisoners' due process rights

2

and questions how he and other prisoners can adequately prepare for their cases with this system.

Plaintiff states the living conditions at the jail are subject to daily rust and mold, prisoners no longer get adequate cleaning supplies to clean mold out of shower areas or to combat rusty vents, and the mold and rust are cancer causing agents. Plaintiff further alleges Sheriff Watson, Lt. Lynn, Sgt. Bradford, Corrections Officer McConnal, and Corrections Officer Beasley, and others, have inspected the shower and living quarters, but have not provided a proper cleaning remedy.

Plaintiff also asserts the inmates are subject to frivolous lockdowns that keep them in turmoil "on a constant [basis]," and specifically alleges that lockdowns "at night [and] in our cells every meal time" are violating prisoners' constitutional rights. Plaintiff attached a copy of what appears to be a document setting forth "inmate rules" to his complaint, and this document states that meals will be eaten in the day room and inmates are not allowed to be under a "blanket or sheet from breakfast call to 2200." On this document, plaintiff has indicated that, contrary to these rules, the inmates are required to eat their 6 p.m. meal in their cells and are then locked down for the night.

Plaintiff also alleges a cover story exists to cover up a wrongful death which occurred when an individual was mistreated and tortured in an event that took a life.

Plaintiff has named Sheriff Eric Watson, Judge Friburg, Lt. Lynn, Lt. Bradford, Corrections Officer McConnal, and Corrections Officer Beasley as defendants.[1]

---

[1] It appears that named defendants Friburg, Lynn, Bradford, McConnal, and Beasley were inadvertently omitted from the style of the case as well as from the Court's order granting

3

As relief, plaintiff seeks a law library, cleaner living conditions, to be able to eat the last meal in the day room instead of his cell, and punitive and compensatory damages. Plaintiff is no longer incarcerated at Bradley County Jail (Court File No. 11). Thus, any claims for declaratory and injunctive relief are moot. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) and *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (both holding that claims arising out of conditions of confinement are moot where inmate no longer incarcerated at allegedly deficient facility). As plaintiff has also sought compensatory and punitive damages for his claims, however, the Court has examined plaintiff's allegations pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and finds that, for the reasons set forth below, plaintiff's complaint fails to state a cognizable claim under § 1983 and is therefore subject to dismissal for failure to state a claim.

1. **Denial of Access to Courts**

Plaintiff's allegations regarding the lack of a law library at Bradley County Jail and the inadequacies of the kiosk system attempt to state a claim for denial of access to courts. An inmate has a right of access to the courts under the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). In order to establish a claim for violation of this right, a prisoner plaintiff must show that a defendant obstructed his efforts to pursue a non-frivolous legal claim regarding his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Accordingly, a plaintiff must plead and prove that his

---

plaintiff's motion for leave to proceed *in forma pauperis*. The Clerk is accordingly **DIRECTED** to add these defendants to the style of the case. For the reasons stated herein, however, all claims against these named defendants shall be **DISMISSED** and summonses shall not issue as to them.

meritorious claims have been prejudiced by the alleged denial of access to the courts. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).[2] As plaintiff has not alleged any such prejudice, plaintiff's assertions regarding the legal resources at Bradley County Jail fail to state a cognizable claim under § 1983 and they will be **DISMISSED**.

### 2. Conditions of Confinement

Plaintiff's general allegations of the existence of rust and mold in the jail, the defendants' alleged knowledge of these conditions and failure to remedy them, and the lack of availability of adequate cleaning products to inmates likewise fail to state a claim upon which relief may be granted under § 1983. "[T]he Constitution does not mandate comfortable prisons." *Rhodes v. Chapman* 452 U.S. 337, 349 (1981). In claims regarding conditions of confinement, only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992). An extreme deprivation is one "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original); *see also Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Plaintiff alleges the inmates should not be subjected to mold and rust at the jail and that "hardship illness[es] [such as] skin irritation, eye infection, gout from infection,

---

[2] Plaintiff's complaint also appears to indicate he had court-appointed counsel. Once counsel has been appointed, the state has fulfilled its constitutional obligation to provide full access to the courts. *See Martucci v. Johnson*, 944 F.2d 291, 295 (6th Cir. 1991); *Holt v. Pitts*, 702 F.2d 639, 640-41 (6th Cir. 1983).

and many more to mention" have resulted therefrom. The mere existence of rust and mold is insufficient to state a cognizable claim. *Perryman v. Gra*ves, No. 3:10-MC-109, 2010 WL 4237921, at *3 (M.D. Tenn. Oct. 20, 2010) (collecting cases that stand for the assertion that an allegation of mere exposure to black mold, without additional allegations or evidence of injuries to the plaintiff's health resulting from such exposure, is insufficient to state a claim for violation of the Eighth Amendment). Further, while plaintiff does allege that some illnesses have resulted from the existence of rust and mold, plaintiff does not assert he has personally suffered any injuries. Plaintiff cannot assert the constitutional rights of other prisoners. *Newsom v. Norris*, 88 F.2d 371, 381 (6th Cir. 1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and . . . lacks standing to assert the constitutional rights of other prisoners"). Accordingly, plaintiff's allegations of the existence of rust and mold and illnesses relating thereto in the inmate population as a whole fail to state a claim upon which relief may be granted and they are **DISMISSED**.

### 3. Lockdowns

Plaintiff alleges the inmates are subject to frivolous lockdowns "on a constant [basis]" which keep them in turmoil. Plaintiff further alleges these lockdowns violate the inmates' right to be considered innocent until proven guilty. Liberally construing plaintiff's filings, plaintiff alleges that defendants require inmates to eat their 6 p.m. meal in their cells and the inmates are then locked down for the night, and this is a form of group punishment without due process.

First, as set forth above, plaintiff does not have standing to assert the rights of others. *Newsom v. Norris*, 88 F.2d 371, 381 (6th Cir. 1989). To the extent plaintiff alleges the lockdowns violate his personal due process rights, this claim also fails. Under the Fifth Amendment, "[n]o person shall . . . be deprived of life, liberty or property, without due process of law." U.S. Const. Am. V. An inmate retains a liberty interest which prevents discipline which rises to the level of an "atypical and significant hardship." *Sandlin v. Conner*, 515 U.S. 472, 484 (1995). "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485.

The lockdowns plaintiff alleges do not impose a significant hardship, nor are they atypical discipline for prisoners. As such, they do not violate plaintiff's Fifth Amendment rights. Accordingly, these allegations fail to state a claim upon which relief may be granted and they are **DISMISSED**.

### 4. Cover Up

Plaintiff last alleges a wrongful death occurred which has been covered up by the department. As plaintiff makes no specific factual allegations against any defendant relating to this claim, plaintiff has failed to state a plausible claim for relief against any defendant and this claim is **DISMISSED.**

Accordingly, this action will be **DISMISSED** *sua sponte* for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

In light of this ruling, plaintiff's pending motions (Court File Nos. 6, 9, 12) will be **DENIED as moot**.

A separate judgment will enter.

**E N T E R :**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**